ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
DynPort Vaccine Company LLC ) ASBCA No. 60119
)
Under Contract No. DAMD17-98-C-8024 )

APPEARANCES FOR THE APPELLANT: Carl J. Peckinpaugh, Esq.
Brian F. Wilbourn, Esq.
  Counsel
  Computer Sciences Corporation
  Falls Church, VA

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
  Army Chief Trial Attorney
Kyle E. Chadwick, Esq.
  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE HARTMAN ON THE GOVERNMENT'S MOTION TO DISMISS

The Department of the Army seeks dismissal of this appeal for lack of jurisdiction. It contends that, while its contracting officer (CO) issued six unilateral contract modifications requiring the contractor to perform "no-cost corrective work" under Federal Acquisition Regulation (FAR) 52.246-8, INSPECTION OF RESEARCH AND DEVELOPMENT – COST-REIMBURSEMENT (APR 1984), there is no CO "final decision" necessary to pursue an appeal before this Board under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 7103(a)(3), because the CO subsequently sent the Army contractor a letter stating that "no Contracting Officer's Final Decision" had been issued concerning any of the contract modifications.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

In November 1997, the U.S. Army Medical Research Acquisition Activity, on behalf of the Department of Defense Joint Vaccine Acquisition Program, awarded a cost-reimbursement, cost-sharing, award-fee, research and development type contract (No. DAMD17-98-C-8024) to appellant, DynPort Vaccine Company LLC (DVC), a wholly-owned subsidiary of Computer Sciences Corporation. *DynPort Vaccine Co.*, ASBCA No. 59298, 15-1 BCA ¶ 35,860 at 175,330 and n.1. On 21 February 2014, the Army's CO unilaterally issued contract Modification No. P00431, which cited FAR 52.246-8(h) and directed DVC to proceed with specified work at no cost to the government based upon DVC's "willful managerial misconduct and/or habitual

employee carelessness." *Id.* at 175,332. On 7 May 2014, DVC filed an appeal with this Board from a *de facto* "CO final decision" and requested that we direct the Army to file the initial pleading pursuant to Board Rule 6 because its appeal was from a "government claim." *Id.* When we requested the Army submit its views on DVC's request it be ordered to file the initial pleading, the Army moved to dismiss the appeal for lack of jurisdiction upon the grounds that Modification No. P00431 did not assert a government claim. *Id.* In a decision issued 15 January 2015, we held that unilateral Modification No. P00431 "was a decision asserting a government claim" and we, thus, possessed jurisdiction to entertain DVC's appeal. We explained, under FAR 33.201, "other relief" can include directions by a CO to a contractor to correct or replace work and such direction can be considered a "government claim" where the Board is not being asked to take jurisdiction over ordinary contract administration action. *Id.* at 175,333-34.

From October 2014 through July 2015, the Army's CO issued six additional unilateral modifications directing DVC to perform work at no cost to the government. During July 2015, DVC and the Army discussed possible amicable resolution of their disputes over reimbursement for the performance of contract work, but did not reach an amicable resolution of those disputes. On 5 August 2015, DVC submitted a second appeal to this Board, ASBCA No. 60119, from the following "unilateral" modifications under Contract No. DAMD17-98-C-8024: No. P00460 (issued 22 October 2014);* No. P00471 (issued 15 January 2015); No. P00480 (issued 8 May 2015); No. P00487 (issued 3 June 2015); No. P00490 (issued 3 June 2015); and No. P00496 (issued 27 July 2015) (Notice of Appeal (NOA) ¶ 1). According to DVC, like Modification No. P00431, Modification Nos. P00460, P00471, P00480, P00487, P00490, and P00496, direct DVC "to perform work at no cost to the Government in accordance with FAR 52.246-8(h)" (NOA ¶ 3; mot. to dismiss, attach. 2).

By letter dated 24 August 2015, the Army requests dismissal of ASBCA No. 60119 on the grounds that "the claims have expressly not been the subject of a final decision" (mot. to dismiss ¶ 3). While the Army concedes that "[t]he six modifications at issue here require no-cost corrective work on the identical legal and factual grounds as did Modification No. P00431," it asserts even if the modifications are "government claims," the Board lacks jurisdiction because "the claims have expressly not been the subject of a final decision" (*id.* ¶¶ 2, 3). According to the

---

* While both parties state that all six modifications directing the performance of contract work were issued unilaterally by the CO, we note Modification No. P00460, which addresses the definitization of costs under an earlier change order in addition to work to be performed by DVC pursuant to FAR 52.246-8, was executed by a DVC official but includes a clause expressly stating that, in executing the modification, DVC is not waiving any claims or rights at issue in ASBCA No. 59298.

Army, on 31 July 2015, five days before DVC filed ASBCA No. 60119, its CO sent DVC a letter stating:

> This letter confirms that no Contracting Officer's Final Decision (COFD) has been issued with respect to the following contract modifications:
>
> Modification P00460     Modification P00471
> Modification P00480     Modification P00487
> Modification P00490     Modification P00496
>
> The modifications above are by law considered affirmative USG claims in accordance with ASBCA case law. However, to the extent any of the modifications above may (in the absence of any other expression of intent to the contrary) be considered a de facto COFD, pursuant to the request of [DVC], the [CO] expressly hereby states that no COFDs have been issued on the above USG claims but such decisions are under consideration by the [CO] and may be issued at any time the [CO] may so desire; nonetheless the above modifications are fully effective and must be carried out as directed.

(Mot. to dismiss, attach. 1) In further support of its motion to dismiss, the Army adds that dismissal of ASBCA No. 60119 does not mean that the Board can never resolve the dispute because "DVC retains the option...to submit a claim requesting a COFD and the [CO] may issue a COFD, at any time" (mot. to dismiss ¶ 3).

## DECISION

The Army concedes that, in *DynPort Vaccine Co.*, ASBCA No. 59298, 15-1 BCA ¶ 35,860 at 175,334, we "ruled that [unilateral] Modification No. P00431 to the contract at issue, which required [performance of] no-cost corrective work..., was 'a [final] decision asserting a government claim.'" The Army further concedes that the CO's six unilateral modifications to the parties' same contract at issue in this appeal, ASBCA No. 60119, "require [the performance of] no-cost corrective work on the identical legal and factual grounds as did Modification No. P00431." (Mot. to dismiss ¶¶ 1, 2)

The Army asserts, however, that we lack jurisdiction to entertain the appeal with respect to the six later modifications because there are no "final decisions" by the CO regarding the "unilateral modifications." According to the Army, its CO issued a letter to DVC subsequent to his issuance of all six modifications stating that, while the

unilateral modifications were "government claims" under our precedent, he has not issued any "final decisions" on the government claims. The Army offers no other reason why the CO's six unilateral contract modifications, which it concedes require performance of no-cost corrective work on the "identical legal and factual grounds" as Modification No. P00431, which we held to be a "final decision" upon a "government claim," are not also "final decisions on government claims."

To the extent that the parties' post-modification attempts to amicably resolve their disputes can be considered a period in which the CO reconsidered the modifications, his letter of 31 July 2015 made it clear that no change in the modifications would be forthcoming. Five days after the CO's letter stating the unilateral contract modifications were to be treated as "fully effective" and "carried out," DVC filed this appeal. When one considers the specific facts of this appeal – the CO's 31 July 2015 letter and unilateral contract modifications directing the performance of work at no cost to the Army – it is clear that the CO has issued final decisions upon government claims set forth in his six unilateral contract modifications directing the performance of contract work at no cost to the Army. *E.g., DynPort Vaccine*, 15-1 BCA ¶ 35,860 at 175,334.

In sum, the Board's jurisdiction is defined by the Contract Disputes Act of 1978. *E.g., United Pacific Insurance Co. v. Roche*, 380 F.3d 1352, 1356 (Fed. Cir. 2004). An Army CO cannot divest the Board of its statutory jurisdiction to entertain appeals from government claims by issuing a letter characterizing his six unilateral contract modifications directing performance of corrective work at no cost to the Army as something other than a "final decision." *See Burnside-Ott Aviation Training Center v. Dalton*, 107 F.3d 854, 858 (Fed. Cir. 1997) ("any attempt to deprive the Board of power to hear a contract dispute that otherwise falls under the CDA conflicts with the normal *de novo* review mandated by the CDA and subverts the purpose of the CDA"); *Fairfield Scientific Corporation*, ASBCA No. 21151, 78-1 BCA ¶ 13,082 at 63,905-06, *rev'd in part on other grounds*, 611 F.2d 854 (Ct. Cl. 1979).

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is denied.

Dated: 30 September 2015

TERRENCE S. HARTMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60119, Appeal of DynPort Vaccine Company LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5